IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Anna Lee Townsville         :     CHAPTER 13
         Debtor                    :     BANKRUPTCY NO. 16-15444

## CHAPTER 13 PLAN OF THE DEBTOR

1.   Debtor shall submit to the supervision and control of the trustee the following sums:

During the first through the 60th month of the plan -- $5.00 monthly until a total of $300.00 has been paid to the trustee.

2.   The various claims of Debtor's creditors shall be classified as follows:

   a.   CLASS 1 - Claims filed and allowed which are entitled to priority under 11 U.S.C. §507.  The administrative costs of the trustee are the only priority claims or administrative claims contemplated by this plan.  Any creditor entitled to priority under §507 of the Bankruptcy Act contrary to the provisions of this plan shall be deemed to have waived any such priority, unless such entity timely objects to the plan prior to the entry of the order of confirmation.

   b.   CLASS 2 - The claim of U.S. Bank Trust N.A. as Trustee (hereinafter "U.S. Bank")or American Homeowner Preservation Fund, LP (hereinafter "AHPF") or the agent or successor for either or both of them filed and allowed, for pre-petition payment of principal, interest and insurance payments actually expended which are due under the provisions of Debtor's

mortgage agreement originally with Colonial National Bank USA, including all such amounts which became legitimately due prior to the commencement of the above captioned case, to the extent that such claim is a secured claim within the meaning of 11 U.S.C. §506(a) secured by a lien on 1228 East Mount Airy Avenue, Philadelphia, PA 19150 which is not void or avoidable under the provisions of the Code and which is not for interest, fees, costs or charges which are not permitted under 11 U.S.C. §506(b);

    c. CLASS 3 - The claim, filed and allowed, by U.S. Bank or AHPF or the agent for wither of them or successor in interest for eiher for the **total unpaid balance**, **if any**, due on the judgment in mortgage foreclosure that was entered on that note and mortgage in the case of *U.S. Bank Trust National Association , as Owner Trustee v. Anna L. Townsville, C.C.P. Philadelphia County,  Donald, Phila. C.C.P. (F.J.D.) April Term 2012, No.01039* to the extent the allowed claim is a secured claim, within the meaning of 11 U.S.C. §506(a), secured by a lien on debtor's interest in 1228 East Mount Airy Avenue, Philadelphia, PA 19150 which is not void or avoidable under the provisions of the Bankruptcy Code.  It is anticipated that the amount of this claim will be determined by the Court in resolution of an adversary action filed by Debtor objecting to the proof of claim Debtor anticipates U.S. Bank or AHPF or one of their agents or successors will file.  If the claim is an allowed

secured claim in any amount it is likely to be an allowed secured claim in the amount $50,000.00 or less.

    d.   <u>CLASS 4</u> - The claim filed and allowed, if any, of the City of Philadelphia for unpaid water bills due on 1228 East Mount Airy Avenue, Philadelphia, PA 19150.

    e.   <u>CLASS 5</u> - The claim filed and allowed as an allowed secured claim, if any, of the Philadelphia Gas works for unpaid gas bills due on 1228 East Mount Airy Avenue, Philadelphia, PA 19150.

    f.   <u>CLASS 6</u> - All other unsecured claims which are filed and allowed, including any allowed unsecured claims that are filed and allowed in favor of the Philadelphia Gas Works.

    g.   <u>CLASS 7</u> - All other claims which are not filed or are filed and disallowed or which are filed late.

3.   The payments received by the trustee from the debtor pursuant to this plan shall be distributed as follows:

    a.   <u>CLASS 1 CLAIMS</u>: The amount paid by the debtor to the trustee shall be distributed first to the Class 1 Claims claim of the Chapter 13 Standing Trustee until it is paid in full;

    b.   <u>CLASS 2 CLAIMS:</u> No payments shall be made by the trustee to the holder of the filed and allowed Class 2 claim for mortgage arrears. **This plan is not a cure plan and the plan**

**does not provide for Debtor to maintain current payments and cure the arrears**.

  c. CLASS 3 CLAIMS: **No payments shall be made by the trustee to the holder of the Class 3 claims. However**, to the extent the claim is am allowed secured claim within the meaning of 11 U.S.C. §506(a), secured by a lien on 1228 East Mount Airy Avenue, Philadelphia, PA 19150 , which is not void or avoidable, the holder of the claim shall retain its lien, to the extent it is not void, avoided, or subject to avoidance under 11 U.S.C. §506(d) or any other provisions of the Bankruptcy Code, and shall receive payments directly from the debtor pursuant to paragraphs 8 and 9 below;

  d. CLASS 4 CLAIMS: No payments shall be made by the trustee the holder of the filed and allowed Class 4 claim, if any. The claim is expressly not provided for by this plan within the meaning of 11 U.S.C. §§1325(a)(5) and 1328.

  e. CLASS 5 CLAIMS: No payments shall be made by the trustee the holder of the filed and allowed Class 5 claim, if any.

  f. CLASS 6 CLAIMS: After application of the appropriate amount to the holders of Class 1 claims, the trustee shall distribute all other amounts that come into his hands to the holders of the allowed Class 6 claims, including any unsecured claim of PGW, pro rata, until 100% of their claims have

been paid or until 5 years have elapsed from the commencement of payments, or until Debtor has paid the full amount required to be paid by her pursuant to paragraph 1 above, whichever occurs first.

Any money remaining in the hands of the trustee after the expiration of the plan shall be returned to the debtor.

g.  <u>CLASS 7 CLAIM</u>: The holders of Class 7 claims are provided for in this plan as follows: **No payments are to be made to the holders of Class 7 Claims**.

4.  This plan shall continue until Debtor has paid 100% of the allowed unsecured claims or until Debtor has paid a total of $300.00 to the chapter 13 Trustee, whichever first occurs.

5.  Confirmation of this plan shall constitute a finding that the plan constitutes the debtor's best effort under all the circumstances to pay the creditors, within the meaning of 11 U.S.C. §727(a)(9).

6.  Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322(d) that there is cause for extending the plan beyond 3 years.  Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the plan.

7.  Confirmation of this plan shall constitute a finding that if U.S. Bank of AHPF is the holder of a secured

claim secured by a lien on 1228 East Mount Airy Avenue, Philadelphia, PA 19150, either in its own right or as agent for the holder of the claim, it is secured by an interest in personal property as well as in real property and its rights may be modified in accordance with 11 U.S.C. §1322(b)(2).  In addition because it is an obligation that is due within the life of the plan it is subject to modification, 11 U.S.C. §1322(b)(2) notwithstanding, pursuant to 11 U.S.C. §1322(c)(2).

      8.  Within thirty days of the filing of this plan Debtor shall commence making monthly payments in the amount set forth in paragraph 10 below to U.S. Bank or AHPF or to such other entity as the court determines is entitled to receive such payments as the holder of the Class 3 claim.  These payments shall constitute adequate protection payments until the amount of Class 3 allowed secured claim is determined.  In the event the total payments made pursuant to this paragraph and to paragraph 9 below exceed that amount of the allowed secured Class 3 claim as determined by the court, U.S. Bank or AHFP or the recipient of such payments, shall return such excess payments to Debtor.

      9.  Commencing on the effective date of this plan, the debtor shall pay directly to U.S. Bank or to AHPF, or to the holder of the note and mortgage and the holder of the judgment in mortgage foreclosure entered on the note and mortgage described in paragraph 2.(c) above, the sum of $935.00 a month until 100%

of the allowed secured Class 3, as determined by the court in resolution of The Adversary Action or by agreement of the parties, is paid in full along with all accrued simple interest, calculated on the unpaid principal balance of the allowed secured claim from the effective date of the plan, at the rate of 3.5% simple interest *per annum*.  The unpaid principal balance of the allowed secured claim as of the effective date of the plan shall be calculated by subtracting from the amount of the claim allowed by the court in resolving the adversary, the sum of all adequate protection payments required by paragraph 8 above, as well as any additional lump sum payments that may be made on account of such allowed secured claim.

    10.  Debtor shall be required to make no payments to or for the benefit of U.S. Bank or AHPF or any successor to or agent of either of them, or to or for the holder of the allowed secured class 3 claims other than those payments provided by paragraphs 8 and 9, <u>supra</u>.

    11.  When Debtor has paid 100% of the allowed secured class three claim, plus all accrued interest, U.S. Bank or AHPF or the holder of the allowed secured claim if found to be other than U.S. Bank or AHPF, shall immediately, and without demand by Debtor, file a satisfaction piece with the Philadelphia Department or Records, noting that the mortgage has been

satisfied and shall mark satisfied the judgment in mortgage foreclosure in the case referenced in paragraph 2(c) above.

12. Confirmation of this plan shall constitute a finding that the defaults, if any, which are cured by this plan are cured within a reasonable time, within the meaning of 11 U.S.C. §1322(b)(5).

13. **By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending, and further agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this plan.**

14. Confirmation of this plan shall constitute a finding that the instant plan was proposed by the debtor in good faith within the meaning of 11 U.S.C. §1325(a)(3) and constituted Debtor's best effort within the meaning of 11 U.S.C. §727(a)(9) and that Debtor's bankruptcy was filed in good faith within the meaning of 11 U.S.C. §1325(a)(7).

15. The current defaults if any by the debtor on the Class 3 are waived. The debtor is required to make no payments

to U.S. Bank of AHPF[1], other than that provided for in paragraph 8 and 9, *supra*.

      16.    The lien of U.S.Bank or AHPF on 1228 East Mount Airy Avenue, Philadelphia, PA 19150, securing the allowed secured class 3 claim, shall survive the confirmation of the debtor's plan to the extent it is found to secure an allowed secured claim and is not void, avoided, or subject to avoidance.  Within 30 days of any order of the court or agreement by the parties resolving any adversary action filed by Debtor objecting to the proof of claim filed by U.S. Bank of AHPF for arrears or for the principal amount due under the mortgage note and judgment as aforesaid, U.S. Bank or AHPF, or its successor in interest, or principal, shall correct the records regarding Debtor's account to reflect the decision of the court or the agreement of the parties. **U.S. Bank or AHPF AND ANY SUCCESSOR IN INTEREST SHALL BE SPECIFICALLY BARRED BY THE ORDER OF CONFIRMATION FROM ATTEMPTING IN ANY FORUM TO COLLECT FROM DEBTOR ON ACCOUNT OF ITS MORTGAGE AN AMOUNT THAT IS INCONSISTENT WITH ANY ORDER ENTERED BY THE COURT IN RESOLUTION OF AN ADVERSARY ACTION OR ANY STIPULATION OF THE PARTIES ENTERED IN SETTLEMENT OF SUCH AN ACTION.**

---

[1] Reference to U.S. Bank and AHPF herein and in the succeeding paragraphs is intended to include reference to the holder of the allowed secured class 3 claim if the court determines that entity to be an entity other than either U.S. Bank of AHPF.

17. The title to the debtor's interest in 1228 East Mount Airy Avenue, Philadelphia, PA 19150, shall not revest in the debtor until the completion of her chapter 13 plan. However, the debtor shall have sole right to the use and possession of the property during the pendency of her bankruptcy. When the property revests in the debtor upon the entry of an order of discharge, it shall vest in the debtor free and clear of all claims of all creditors provided for by this plan.

18. Confirmation of this plan shall constitute an order that the debtor's continued possession of 1228 East Mount Airy Avenue, Philadelphia, PA 19150, is essential to the success of the debtor's plan and a finding that the debtor's plan would likely fail if the debtor were forced to relinquish possession of the property.

19. Upon application or motion with appropriate notice as required by the Federal Rules of Bankruptcy Procedure to interested parties and to the Chapter 13 Trustee, the debtor may alter the amount or timing of payments under this plan. Such modifications shall be permitted if they are reasonable and if they do not decrease the total amount of money that will be paid out to the Class 1, or Class 3 claimants.

20. Any money or property acquired by either the trustee or the debtor while this case is pending shall be deemed

exempt property of the debtor, if exemptible, and will be forthwith delivered to the debtor.

21. Any money remaining in the hands of the trustee after this plan has terminated for any reason, shall be returned to the debtor.

22. Upon completion of this plan, all debts listed in debtor's chapter 13 statement, except those excepted by 11 U.S.C. §1328(a)(1) or (a)(2), shall be discharged.

23. **Commencing with the effective date of the plan Debtor shall maintain the current real estate tax payments and shall maintain hazard insurance on Debtor's home. U.S. Bank nor AHPF nor either of their agents or successors nor the holder of the note and the mortgage on Debtor's home and judgment in mortgage foreclosure, shall make any payments on taxes on Debtor's home or for insurance on the property. Should U.S. Bank or AHPF or any of their agents or successors, or the holder of the note and the mortgage on Debtor's home or the judgment in mortgage foreclosure, directly or through an agent make such payments of real estate taxes or insurance, it shall do so as a volunteer, for its own benefit, and it shall have no recourse against Debtor for reimbursement of such payments.**

24. Debtor shall maintain U.S. Bank or AHPF as a loss payee on the liability insurance policy on her home to the extent of the unpaid balance of the allowed secured class 3 claim.

25. Confirmation of this plan shall constitute an order enjoining all creditors from taking any actions inconsistent with this plan and from attempting to proceed against the debtor in any other forum, **any orders proceeding the confirmation order to the contrary notwithstanding**.

26. The **effective date** of this plan shall be the date of confirmation.

27. The trustee's commission shall be limited to 10% of the sums actually distributed by him even if that amount is less than $5.00 a month.

Date: September 2, 2016         /S/ Irwin Trauss
                                IRWIN TRAUSS, ESQUIRE
                                Attorney for Debtor

                                PHILADELPHIA LEGAL ASSISTANCE
                                718 Arch Street, Suite 300N
                                Philadelphia, PA 19102
                                (215) 981-3811