UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                   : Chapter 13

EDDIE L. HEGGS and                      :
MARCIA HEGGS
      Debtor                     : Bankruptcy No. 03-36915F

MEMORANDUM

Before me is the chapter 13 trustee's motion to dismiss, filed September 10, 2004, on the grounds that the debtors allegedly failed to provide "documentation as to income, and/or property valuation, and/or insurance coverage as directed." The debtors in turn seek confirmation of their amended plan filed on May 12, 2004. The trustee has objected to confirmation on the basis of lack of property insurance.[1]

A combined hearing on both the trustee's motion to dismiss[2] and debtors' request for confirmation of their amended plan was held. During the course of that

---

[1] The trustee did not file a formal pleading objecting to confirmation pursuant to Fed. R. Bankr. P. 3015. Nonetheless, as a chapter 13 trustee has the right to participate at any confirmation hearing, 11 U.S.C. § 1302(b)(2)(B), and as he filed a motion to dismiss, which allegations serve as the basis for his objection to confirmation, and as the parties agreed to hold a consolidated hearing, if there was any procedural defect, I consider it waived.

[2] The chapter 13 trustee also filed a motion to dismiss on May 5, 2004 for "[f]ailure to file amend[ed] schedules and/or plan as directed at the meeting of creditors." Although this motion was also noticed to be heard at the confirmation hearing, the issue of failure to amend any documents was not raised then. Therefore I will treat that earlier motion to dismiss as superceded by the trustee's later filed motion.


Exhibit "1"

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re : Chapter 13

EDDIE L. HEGGS and :
MARCIA HEGGS
     Debtor : Bankruptcy No. 03-36915F

MEMORANDUM

Before me is the chapter 13 trustee's motion to dismiss, filed September 10, 2004, on the grounds that the debtors allegedly failed to provide "documentation as to income, and/or property valuation, and/or insurance coverage as directed." The debtors in turn seek confirmation of their amended plan filed on May 12, 2004. The trustee has objected to confirmation on the basis of lack of property insurance.[1]

A combined hearing on both the trustee's motion to dismiss[2] and debtors' request for confirmation of their amended plan was held. During the course of that

---

[1] The trustee did not file a formal pleading objecting to confirmation pursuant to Fed. R. Bankr. P. 3015. Nonetheless, as a chapter 13 trustee has the right to participate at any confirmation hearing, 11 U.S.C. § 1302(b)(2)(B), and as he filed a motion to dismiss, which allegations serve as the basis for his objection to confirmation, and as the parties agreed to hold a consolidated hearing, if there was any procedural defect, I consider it waived.

[2] The chapter 13 trustee also filed a motion to dismiss on May 5, 2004 for "[f]ailure to file amend[ed] schedules and/or plan as directed at the meeting of creditors." Although this motion was also noticed to be heard at the confirmation hearing, the issue of failure to amend any documents was not raised then. Therefore I will treat that earlier motion to dismiss as superceded by the trustee's later filed motion.

hearing, it became clear that the only issue dividing these parties involved property insurance. Further, the evidence reflects that the debtors had not refused to provide insurance documentation to the trustee; rather, they had been unable to obtain property insurance. Thus, the question now before me is whether the debtors' amended proposed plan may be confirmed in the absence of property insurance, or whether confirmation should be denied and this case dismissed for that reason. Both the trustee and the debtors submitted memoranda. Thus, this dispute is now ripe for adjudication.

I.

The following facts were established either at the consolidated hearing or are those of which I may take judicial notice.[3] The only witness called was Mr. Heggs. No creditors objected to the amended plan or appeared at the plan confirmation hearing.

The debtors filed a voluntary petition in bankruptcy, under chapter 13, on November 18, 2003. In their bankruptcy schedules, they valued their home at $30,000. Three secured creditors, Wachovia Bank, Pennsylvania Housing Finance Agency, and City of Philadelphia, filed proofs of claim, totaling $15,299.48. Ex. D-3 (claims register).

---

[3] I may take judicial notice, under Fed. R. Evid. 201 (incorporated into bankruptcy cases by Fed. R. Bankr. P. 9017), of the docket entries, bankruptcy petition and schedules filed by the debtors in this case. See Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107 at *12 n.19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995); In re Aughenbaugh, 125 F.2d 887, 889 (3d Cir. 1942).

2

There are no other creditors who have filed claims in this case.[4] Mr. Heggs did not know whether his written agreement with Pennsylvania Housing Finance Agency included a requirement that he insure the property, Hearing at 12:42,[5] and no evidence was presented that it did.

Mr. Heggs is employed while his wife is not. See Ex. D-2 (Schedule I). The debtors have no dependents. Id. Their projected excess monthly income over expenses is $204.54, with $200.00 per month to be paid into their proposed plan for 60 months, totaling $12,000. See Ex. D-2 (Schedule J). Mr. Heggs testified that his income and expenses have remained stable throughout the course of this case. Hearing at 12:37-12:38. He also testified that he is current on plan payments. Hearing at 12:38.

The debtors' amended chapter 13 plan proposes to repay in full the Wachovia Bank and City of Philadelphia claims through trustee payments, while repaying the Pennsylvania Housing Finance Agency claim directly. Ex. D-1 (chapter 13 plan).[6]

---

[4] The debtors had scheduled a $6,000 unsecured debt owing to "P.G.W." (probably Philadelphia Gas Works), but that entity did not file a proof of claim. See 11 U.S.C. § 501, 502 and 1328(a). The debtors' chapter 13 plan generally provides for unsecured claimants to be paid pro rata after payment in full to priority and secured claims.

The debtors had also scheduled a secured claim of the Water Revenue Board in the amount of $2,500. See Schedule D. That entity did not file a proof of claim either, and is not treated by name in the plan (although it could fall under the statement "all other secured creditors to be paid outside of the Plan."). See Ex. D-3 (claims register); Ex. D-1 (chapter 13 plan).

[5] All references to the hearing are to the audio recording of the hearing that took place on September 28, 2004, denoting the hour and minute at which the testimony took place.

[6] In their memorandum, the debtors explained in regard to the PHFA claim that they have "followed the requirements to defer full payments until [they] are financially able to do so." Debtor's Brief in Support of Confirmation, p.1 (unpaginated). Presumably, they received

3

Mr. Heggs acknowledged that he does not have property insurance on the family residence located at 1507 North Felton Street, Philadelphia, Pennsylvania. He explained that his attempts to do so, as the trustee had requested,[7] had been unsuccessful. Hearing at 12:38-12:39. Mr. Heggs testified that he had communicated with two insurance companies, both of which declined to provide coverage unless the debtors made certain repairs to the property, including enclosing the front and back porches. Hearing at 12:39. He stated that he did not have the funds to pay for the repairs, and had tried but could not make the repairs himself. Id.

II.

The narrow issue before me is whether property insurance is a precondition for chapter 13 relief on the facts of this case.

Apparently, the chapter 13 trustee has insisted that the debtor obtain such insurance because that is a general requirement of the chapter 13 trustee's office in all cases, as well as of the United States trustee. Hearing at 12:45. One can envision that a

---

assistance under Pennsylvania's Homeowner's Emergency Assistance Act. See 35 P.S. §§ 1680.405c, 1680.406c. The trustee does not contend that the debtors' proposed treatment of PHFA's secured claim fails to comport with section 1325, nor does PHFA object to this treatment. Thus, I shall accept that the allowed secured claim of PHFA is properly treated.

[7]Apparently the trustee made this request at the 341 meeting on January 12, 2004. Hearing at 12:41 (statement of trustee).

4

lack of insurance could conceivably give rise to a priority claim that would be paid before general unsecured creditors. See In re Campbell-Erskine Apothecary, Inc., 302 B.R. 169, 174 (Bankr. W.D. Pa. 2003); see generally Reading Co. v. Brown, 391 U.S. 471 (1968). However, the trustee has conceded that in this case, "there are no unsecured creditors, I agree with that. So there would not be any impact on unsecured creditors by a claim against the property or the debtor becoming an administrative claimant, which has come up in some other cases that we've had." Hearing at 12:46.

One can also understand the insurance requirement if the trustee had control of this realty and it was not insured against fire and other causes of damage. In that instance, the trustee could be held responsible to creditors for a breach of fiduciary duty if the realty were damaged. See In re Campbell-Erskine Apothecary, Inc., 302 B.R. at 174. But in a chapter 13 case, 11 U.S.C. § 1306(b) provides that unless a court order or a confirmed plan states otherwise, "the debtor shall remain in possession of property of the estate."[8] There has been no court order or confirmed plan that would place the debtors' residence in the control of the trustee; nor does the proposed plan purport to do so. Moreover, pursuant to 11 U.S.C. § 1327(b), confirmation of the amended proposed plan would "vest[] all property of the estate in the debtor."

Accordingly, based upon the facts presented in this contested matter, there

---

[8] Consistent with section 1306(b), the enumeration of the chapter 13 trustee's powers found in section 1302(b)(1) omits the duty identified in section 704(1) to collect and liquidate property of the estate. A chapter 13 trustee need only be accountable for property he has received, in accordance with section 704(2).

5

is no need for insurance to protect the interests of general unsecured creditors or the trustee himself. There are, however, secured creditors who have filed proofs of claim. The trustee argues that without property insurance on their collateral, these secured creditors lack adequate protection for their lien interests. Chapter 13 Standing Trustee's Brief, p.1. The trustee further asserts that it is appropriate for him to raise this issue "under 11 U.S.C. section 1302(b)(2) because this issue relates to the value of property subject to a lien." Id. See 11 U.S.C. § 1302(b)(2)(A).

The debtors counter that a bankruptcy court has no discretion to dismiss this case under section 1307(c) or to deny confirmation, as their proposed amended plan meets all of the requirements found in sections 1322 and 1325(a). Debtor's Brief in Support of Confirmation, pp.2-3 (unpaginated). Indeed, the debtors particularly assert that their plan is feasible (in compliance with section 1325(a)(6)), and that the secured creditors provided for by their plan will retain their liens and receive the allowed amount of their claims in compliance with section 1325(a)(5)(B). Id. They maintain that the trustee's refusal to recommend confirmation because of the lack of property insurance impermissibly inserts a new confirmation requirement into the Code. Id., pp. 2-3.

Insofar as the trustee is concerned with adequate protection of secured creditors, the debtors further argue that insurance is but one factor in determining whether secured creditors are adequately protected. Debtor's Brief, p.3. Here, they contend that an equity cushion (i.e., value of property minus total of liens, see generally In re Indian

Palms Associates, Ltd., 61 F.3d at 207) exists in excess of 50%, which serves to protect these secured creditors. See generally In re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984); In re Drebitko, 1992 WL 75156, at *2 (E.D. Pa. 1992).

III.

Certain requirements of a chapter 13 plan are set forth in section 1322:

(a) The plan shall—

(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

11 U.S.C. § 1322(a). The trustee does not suggest in this dispute that the debtors' proposed amended plan does not comply with any element of section 1322(a).

In addition, however, section 1325(a) provides:

Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan–
    (A) the holder of such claim has accepted the plan;

    (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

    (C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

11 U.S.C. § 1325(a).[9]

The debtors have the burden of persuasion that their proposed plan meets the statutory requirements for confirmation. See, e.g., In re Hill, 268 B.R. 548, 552

---

[9] The trustee does not raise any issues concerning disposable income under section 1325(b), thus I need not consider that provision.

(B.A.P. 9th Cir. 2001) ("The debtor, as the chapter 13 plan proponent, has the burden of proof on all elements of plan confirmation."); In re Norwood, 178 B.R. 683, 687 (Bankr. E.D. Pa. 1995). While this burden is lessened when the chapter 13 trustee recommends confirmation, see In re Hines, 723 F.2d 333 (3rd Cir. 1983), the trustee has made no such recommendation in this instance.

If the debtors here have complied with all the provisions of section 1325(a), as well as the requirements of section 1322(a), then confirmation should be granted and the trustee's motion to dismiss denied. See In re Szostek, 886 F.2d 1405, 1412 (3d Cir. 1989). Moreover, bankruptcy courts do not have the discretionary power to add requirements to the chapter 13 confirmation process. See Petro v. Mishler, 276 F.3d 375, 378 (7th Cir. 2002) (confirmation of a chapter 13 plan could not be conditioned upon the debtors agreeing to present the trustee with periodic sworn affidavits of post-confirmation income).

I thus turn to the specific terms of section 1325(a). The trustee has implicitly argued that the debtors' proposed plan does not comply with two of those elements: section 1325(a)(1) and (a)(6). The debtors maintain otherwise.

A.

Whether a proposed chapter 13 plan has properly provided for allowed

secured claims typically focuses upon the provisions of section 1325(a)(5). See, e.g., In re Stewart, 172 B.R. 14 (W.D. Va. 1994); In re Johnson, 63 B.R. 550 (Bankr. D. Colo. 1986). In this contested matter, however, I do not understand the trustee to suggest that the debtors' amended proposed plan does not provide for allowed secured creditors to be paid in full, with interest, while retaining their liens. Thus, the trustee's objection does not implicate this subsection.

Section 1325(a)(1), however, states that a chapter 13 plan should "comply both with the provisions of Chapter 13 and with 'the other applicable provisions' of the Bankruptcy Code." In re Harris, 304 B.R. 751, 759 (Bankr. E.D. Mich. 2004). Section 363(e) directs that a court "shall prohibit or condition" the use of collateral "as is necessary to adequately protect" the interest of a secured creditor. 11 U.S.C. § 363(e).

Here, the debtors are using the collateral: their residence. A lack of insurance on the collateral may constitute an absence of adequate protection for the secured creditor. See, e.g., In re Halley, 70 B.R. 283, 285 (E.D. Pa. 1987) (unpaid real estate taxes, water and sewer bills and absence of fire insurance constituted a lack of adequate protection for the mortgagee); In re Grundstrom, 14 B.R. 791, 794-95 (Bankr. D. Mass. 1981); In re Pittman, 7 B.R. 760, 763 (Bankr. S.D.N.Y. 1980) (debtor's inability to obtain fire insurance places the collateral "in present and continuing danger of destruction with total loss"); see also In re White, 169 B.R. 526, 530 (Bankr. W.D.N.Y. 1994) (debtor has duty to maintain insurance on retained property if the secured claim is

10

provided for under section 1325(a)(5)(B) and if the mortgage agreement so requires). Thus, if section 363(e) is a provision applicable to the confirmation process, then the debtors' proposed plan may not comply with section 1325(a)(1), as it does not provide for insurance on collateral. See In re Andrews, 49 F.3d 1404 (9th Cir. 1995).

In Andrews, the Ninth Circuit Court of Appeals sustained a chapter 13 trustee's objection to confirmation under section 1325(a)(1) based upon a lack of adequate protection to secured creditors—small secured claims would receive no distributions under the proposed plan—even though those creditors did not themselves object. However, I find the analysis of Andrews unpersuasive.

The Andrews court overlooked the express language of section 363(e) that requires adequate protection only "on request of an entity that has an interest in the property. . . ." See generally, e.g., Lamie v. U.S. Trustee, 540 U.S. 526, 124 S. Ct. 1023, 1030 (2004) (courts must interpret the bankruptcy statute according to its plain language). Thus, if a secured creditor does not request adequate protection under section 363(e), "it is not entitled to such protection." Matter of Kain, 86 B.R. 506, 512 (Bankr. W.D. Mich. 1988); see, e.g., In re Sharon, 234 B.R. 676, 684 (B.A.P. 6th Cir. 1999).[10] A trustee is a party in interest in a chapter 13 case, entitled to participate in all confirmation hearings.

---

[10] The provisions of section 363(e) are in marked contrast to those of section 363(c)(2). The latter subsection governs the use of "cash collateral"—i.e., the proceeds of receivables—and prohibits its use without either the consent of the secured creditor or a court order. The former subsection permits use of non-cash collateral, such as real estate, unless the secured creditor has requested that its use be conditioned upon the provision of adequate protection. See In re Sharon, 234 B.R. at 684.

11

11 U.S.C. § 1302(b)(2)(B).[11] But the trustee is not an entity with an interest in the property. Thus, it is inappropriate to deny confirmation on the basis of a lack of adequate protection under section 363(e) when the trustee, but no secured creditor, has raised the issue.[12]

B.

The other provision alluded to by the trustee is section 1325(a)(6): viz., that due to the lack of property insurance, the debtors' proposed amended plan is not feasible.

The trustee is correct that visionary or speculative chapter 13 plans should

---

[11]While Andrews relied on section 1302(b)(2)'s directive that the chapter 13 trustee appear and be heard (presumably concerning issues of confirmation pursuant to subparagraph (B) of section 1302(b)(2)) to support its holding that the trustee could raise the issue of adequate protection under section 1322(a)(1), the chapter 13 trustee in this contested matter refers to section 1302(b)(2)(A)—authorizing the chapter 13 trustee to appear and be heard at any hearing concerning the value of property subject to a lien—as the basis for his right to object.

The purpose of this latter subparagraph, however, is directed toward hearings concerning property valuation. According to one commentator, section 1302(b)(2)(A) was included in the Bankruptcy Code to "fill[] the void that often existed in practice under Chapter XIII. . . . Experience has shown that most consumer debtors are neither knowledgeable nor realistic as to property values. . . . An experienced and knowledgeable chapter 13 trustee can readily become expert in appraising the various kinds of consumer goods commonly constituting collateral in these proceedings, thereby providing important assistance to the court in the valuation of collateral as required by section 506." 8 Collier on Bankruptcy, ¶ 1302.03[1][k], at 1302-18 to 1302-19 (15th ed. rev. 2004).

[12]Interestingly, the Andrews court acknowledged from its language that in the absence of an objection by a secured creditor, the chapter 13 trustee probably could not raise issues under section 1325(a)(5). Thus, the Ninth Circuit recognized that a chapter 13 trustee does not have the right to assert every objection to confirmation that a secured creditor might raise.

12

not be approved. As stated in In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citations omitted):

> To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6). The debtor carries the initial burden of showing that the plan is feasible. Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan.

In general, the failure of chapter 13 debtors to budget for certain contingencies has resulted in a denial of confirmation in some instances, based upon a lack of feasibility. See, e.g., In re Goodavage, 41 B.R. 742 (Bankr. E.D. Va. 1984) (failure to provide for likely medical expenses); In re Jones, 10 B.R. 128 (Bankr. E.D. Va. 1981) (confirmation is denied where the court found a budget unrealistic for not including amounts for home maintenance or automobile insurance, and little for recreation or food and clothing); In re Hockaday, 3 B.R. 254 (Bankr. S.D. Cal. 1980) (confirmation is denied where the debtor only budgeted $10 for emergencies); see also In re Smith, 207 B.R. 888, 890 (B.A.P. 9th Cir. 1996) ("In cases where the debtors have very young or handicapped dependents, the absence of a budget for life insurance may call a Chapter 13 plan into question.").

Indeed, a lack of insurance provided the basis for denying plan confirmation on feasibility grounds in one reported decision. In In re Street, 17 B.R. 787 (Bankr. N.D. Ill. 1982), the court denied confirmation of a plan where the debtor had no insurance on

13

her automobile, despite the debtor's claim that she had no accidents in thirty years of driving. "[T]he court believes that a debtor must provide for the unforeseen expenses of a motor vehicle accident by way of insurance in order for the court to find that Miss Street will have the ability to make her payments over fifty-four months and to comply with the plan." Id. at 788. The court reasoned that the plan's chance for success increased with the debtor's ability to meet contingencies. Id. It pointed out that a minor accident could prevent the debtor from making her trustee payments, while a major one might expose her home equity to an injured party's claim. Id. Noting that the feasibility of a plan depends both on "the present ability to make payment but also the future ability," the court denied confirmation. Id.; cf. In re Clayburn, 112 B.R. 434, 435 (Bankr. N.D. Ala. 1990) (court takes judicial notice that automobile insurance "is needed to protect property of the estates and avoid the need for the incurring of further debt from damage, destruction, or theft of the vehicles or from repossession by lienholders. . . .").

I consider the Street decision inapposite, because the risk of an accident while driving an automobile is considerably greater than the risk of measurable damage to real estate due to home ownership. Furthermore, a debtor's continued ability to use an automobile may be necessary for continued employment and thus continued regular income to fund a reorganization plan. I also note that the feasibility requirement of section 1325(a)(6) does not mandate that chapter 13 debtors provide a guarantee that their proposed plan will be fully completed. As explained by one court:

> A debtor proposing a Chapter 13 plan need not prove that the
> plan is guaranteed to be successful. Virtually every plan that
> requires some performance in the future will be subject to a
> risk factor affecting its successful completion. This Court's
> judicial discretion is to be exercised, then, to determine at the
> time of confirmation whether the risk of failure of the
> proposed plan is impermissible.

In re Anderson, 18 B.R. 763, 765 (Bankr. S.D. Ohio 1982), aff'd, 28 B.R. 628 (S.D. Ohio 1982); see also In re Groff, 131 B.R. 703 (Bankr. E.D. Wis. 1991); In re Capodanno, 94 B.R. 62, 65 (Bankr. E.D. Pa. 1988).

The debtors in this dispute have tendered all required plan payments and have proposed a plan to repay their secured creditors in full. This is apparently acceptable to those creditors, for they have not objected.[13] See In re Andrews, 49 F.3d at 1409 ("In most instances, failure to object translates into acceptance of the plan by the secured creditor."). The trustee does not suggest that the debtors' income is insufficient to fund their plan. In addition to these facts, no unsecured creditors have filed proofs of claim and the real estate may be worth considerably more than the total of the liens against it.

If the trustee or if unsecured creditors were placed at risk due to a lack of property insurance, or if a secured creditor had objected, it is questionable whether a plan that did not provide for insurance of the debtors' residence could be confirmed. Thus, the

---

[13] Local Bankruptcy Rules 3015-1 and 3015-2 require that all chapter 13 plans and modified plans be served, inter alia, upon secured creditors. The debtors' counsel has certified that their amended plan was served upon the trustee and all interest parties.

15

trustee's general insistence that chapter 13 debtors demonstrate the existence of property insurance is sensible. But in these unusual circumstances, the general concern of the chapter 13 trustee—appropriate in most instances—is not supported by the language of sections 1322 or 1325. As those two sections provide the sole confirmation requirements, the trustee's objection to confirmation shall be denied and his motion to dismiss denied.

An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                           :          Chapter 13

EDDIE L. HEGGS and                              :
MARCIA HEGGS
       Debtor                                   :          Bankruptcy No. 03-36915F

ORDER

AND NOW, this 14th day of December 2004, for the reasons stated in the accompanying memorandum, it is hereby ordered that the trustee's motion to dismiss is denied, and the trustee's objections to confirmation are overruled. It is further ordered that the debtors' amended chapter 13 plan is confirmed.

                                                                _____
                                                                BRUCE FOX
                                                         United States Bankruptcy Judge

copies to:

Mr. Eddie L. Heggs
Mrs. Marcia Heggs
1507 N. Felton Street
Philadelphia, PA 19151

Zachary Perlick, Esq.
Berry & Perlick
42 S. 15th Street
Suite 1113
Philadelphia, PA 19102

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106

all secured creditors