IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE<br><br>Anna Lee Townsville<br>    Debtor.<br><br>U.S. Bank National Association as Trustee of American Homeowner Preservation Trust Series 2013C., its assignees and/or successors in interest<br><br>    Movant,<br><br>vs.<br><br>Anna Lee Townsville<br>William C. Miller, Esq., Chapter 13 Trustee,<br><br>Respondents. | Case No. 16-15444-elf<br><br>Chapter 13 |

OBJECTION TO AMENDED CHAPTER 13 PLAN OF DEBTOR(S)

U.S. Bank National Association as Trustee of American Homeowner Preservation Trust Series 2013C ("Movant")., its assignees and/or successors in interest, by and through its attorney, Michael Boland, files this Objection of the Debtor's Amended Chapter 13 Plan ("Amended Plan"), filed June 19, 2018, because it fails to comply with 11 U.S.C. Sections 1322 and/or 1325, and/or debtors have failed to provide Adequate Protection to the Movant and other relief and for cause states:

1. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal balance of $23,500 ("the Note"). A copy of the

Note is attached hereto as **EXHIBIT A.** Movant is an entity entitled to enforce the Note by assignment attached hereto as **EXHIBIT B.**

2. There is no adequate protection to Movant under the Amended Chapter 13 Plan, whereby debtor's adequate protection payments are in the amount of $0.00 per month during the modification process. *See* Amended Chapter 13 Plan, ¶9d.

3. The Movant and Debtor have already been involved in modification negotiation and agreements prior to the filing of the Amended Plan, whereby Movant had sent an executed modification agreement to the Debtor, but the Debtor failed to execute. Movant has been prejudiced by Debtor's delay in reaching a modification agreement because the fair market value of the property is decreasing and payments are not being made to the Movant sufficient to protect Movant's interest against that decline.

4. Movant has no opportunity for relief or adequate protection until after September 20, 2018, and respectfully requests the deadline be set to August 31, 2018 to prevent any further delay and prejudice to the Movant in their right to enforce the note.

5. Movant requests that if no modification agreement is reached by August 31, 2018, then automatic relief from stay is granted with respect to the Note.

WHEREFORE, the Movant, U.S. Bank National Association as Trustee of American Homeowner Preservation Trust Series 2013C., its assignees and/or successors in interest, prays that this Court issue an Order modifying the Amended Plan and granting the following:

A. Accelerate the deadline for modification under the plan from September 20, 2018 to August 31, 2018.

B. If no modification agreement is reached by the August 31, 2018 deadline, Movant is titled to automatic relief from stay with respect to the Note.

Dated: July 11, 2018

Respectfully Submitted,

*/s/ Michael Boland*
Michael Boland
ID# 319999
1324 Locust Street #1602
Philadelphia, PA 19107
mbolandlegal@gmail.com
(610)781-4885

# EXHIBIT A

# NOTE

October 6, 1995
[Date]                                                        [City]              [State]

1228 E MT AIRY AVE, PHILADELPHIA, PENNSYLVANIA 19150
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 23,500.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
COLONIAL NATIONAL BANK USA

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 11.450 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the 15th day of each month beginning on November 15, 1995. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on October 15, 2010, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. BOX 15473 WILMINGTON, DE 19850-5473
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 273.78 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT                Form 3200 12/83
                                                                                          Amended 5/91
                              Page 1 of 2
VMP -5A (9410)                VMP MORTGAGE FORMS - (800)521-7291                          Initials: A.L.T
                              TOWNSVILLE                    48210262

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Anna L Townville_ _____(Seal)
ANNA L. TOWNSVILLE                                    -Borrower
SSN: 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

_____(Seal)
                                                      -Borrower
SSN:

_____(Seal)
                                                      -Borrower
SSN:

_____(Seal)
                                                      -Borrower
SSN:

(Sign Original Only)

Bankers Trust Company of California, NA
as custodian or trustee under the
applicable custody or trust
agreement.

Pay to the order of _____
without recourse Colonial National Bank USA

_James P. Levy_
VICE PRESIDENT

VMP -5A (9410)        TOWNSVILLE        Page 2 of 2        48210262        Form 3200 12/83

# EXHIBIT B

Recorded in Philadelphia / Doc Id: 53168203
01/26/2017 03:14 PM    Page 1 of 2    Rec Fee: $220.00
Receipt#: 17-10693
Records Department    Doc Code: A

RETURN TO:
M. E. WILEMAN
2860 EXCHANGE BLVD, SUITE 100
SOUTHLAKE TX, 76092

PREPARED BY:
American Homeowner Preservation, LLC
819 S. Wabash Avenue Suite 606
Chicago, IL 60605

## CORPORATE ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned **American Homeowner Preservation Fund, LP** whose address is 53 W Jackson Blvd, Suite 1357, Chicago, IL 60604, hereby grants, assigns, and transfers unto **U.S. Bank Trust National Association, as Trustee of the American Homeowner Preservation Trust Series 2013C**, whose address is 819 S. Wabash Avenue, Suite 606, Chicago, IL 60605, its heirs, successors or assigns, of that certain Security Deed dated OCTOBER 6, 1995 executed by **ANNA TOWNSVILLE** (Borrower[s]) to **COLONIAL NATIONAL BANK USA**, in the original principal amount of $ 23,500.00 and recorded on DECEMBER 06, 1995, as MORTGAGE BOOK 1811 PAGE 366, in Official Records in the County Recorder's office of **CITY OF PHILADELPHIA, PA**, describing land herein as:  SEE ATTACHED "EXHIBIT A"

Property Address: 1228 E MT AIRY AVENUE, PHILADELPHIA, PA 19150

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said mortgage/Deed of Trust/Security Deed.

IN WITNESS WHEREOF, We have hereunto set our hands and affixed our seal on this ___8___ day of ___January___, 2014.

American Homeowner Preservation Fund, LP

NAME: Jorge Newbery
TITLE: Managing Member

Witness 1: Shawn Tdr
Witness 2: Kenzi Benlovich

STATE OF ___Illinois___, COUNTY OF ___Cook___

On this __8__ day of ___January___, 2014, before me, the undersigned, a Notary Public, in and for the County and State aforesaid, personally appeared Jorge Newbery to me known to be the identical person who subscribed the name of the maker to the foregoing instrument as its Managing Member of General Partner and acknowledged to me that ✓ executed the same as ✓ free and voluntary act and deed, and as the free and voluntary act and deed of such corporation, for the uses and purposes therein set forth.
Given under my hand and seal of office the day and year last above written.

NOTARY PUBLIC: Jacob J. Laffey

OFFICIAL SEAL
JACOB J LAFFEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES MAY 14, 2017

The Assignee hereby certifies that precise address of the within named U.S. Bank Trust National Association, as Trustee of the American Homeowner Preservation Trust series 2013C is 819 S Wabash Avenue, Suite 606, Chicago, IL 60605.

TOWNSVILLE, ANNA    *12095918*

Loan #: 269226

## EXHIBIT "A"

Legal Description:

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected,

SITUATE in the Fiftieth Ward of the City of Philadelphia and described according to a Survey and Plan thereof made by Joseph F. Delany, Esquire, Surveyor and Regulator of the Fifth Survey District dated March 18, 1955, as follows, to wit:

BEGINNING at a point on the Southeasterly side of Mt. Airy Avenue (Sixty feet wide) at the distance of Four Hundred One Feet Six inches Southwestwardly from the Southwesterly side of Thouron Avenue (Seventy Feet wide), thence extending from said point of beginning South Fifty-one Degrees Twenty-three minutes Eighteen Seconds East partly through the center of the party wall One Hundred Thirteen feet Two and Seven-eighths inches to a point on the center line of a certain Fifteen feet wide driveway, said driveway extending Southwestwardly from Thouron Avenue to Woolston Avenue, thence extending South Thirty-eight degrees Thirty-six minutes Forty-two seconds West along the center line of the said Fifteen feet wide driveway Sixteen feet Two inches to a point, thence extending North Fifty-one degrees Twenty-three minutes Eighteen seconds West partly through the center of the party wall One hundred Thirteen feet Four and Seven-eighths inches to a point on the Southeasterly side of Mt. Airy Avenue aforesaid, thence extending North Thirty-nine degrees Twelve minutes Twenty seconds East along the said side of Mt. Airy Avenue Sixteen feet Two inches to the first point and place of beginning.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse at all times hereafter, forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.

BEING known as No. 1228 East Mt. Airy Avenue.

UNDER AND SUBJECT to certain Building Restrictions as now of record in Deed Book J.M.H. 2828 page 509.