## LOCAL BANKRUPTCY FORM 9014-3

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

In re:     Anna Townsville     :     Chapter: 13
                                :
                                :
          Debtor              :     Bankruptcy No. 16-15444-elf

\* \* \* \* \* \* \*

NOTICE OF MOTION, RESPONSE DEADLINE
AND HEARING DATE

U.S. Bank National Association as Trustee of American Homeowner Preservation Trust Series 2013C has filed a Motion  with the court for Relief from Automatic Stay.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult an attorney.)**

1. If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before 10/25/18 you or your attorney must do <u>all</u> of the following:

(a) file an answer explaining your position at

900 Market Street # 400
Philadelphia, PA 19107

If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

(b) mail a copy to the movant's attorney:

*/s/ Michael Boland*
Michael Boland, Esq
ID# 319999
1324 Locust Street #1602
Philadelphia, PA 19107
mbolandlegal@gmail.com
(610)781-4885

*LOCAL BANKRUPTCY RULES*

Service Made To: Irwin Trauss, Attorney for Debtor, 718 Arch
Street, Suite 300N, Philadelphia, PA 19106

1      If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b)
above and attend the hearing, the court may enter an order granting the relief requested in the
motion.

2      A hearing on the motion is scheduled to be held before the Honorable Magdeline D.
Coleman on October 25, 2018, at 11:00 AM in Courtroom 2 of the United States Bankruptcy
Court, 900 Market Street #400. Unless the court orders otherwise, the hearing on this
contested matter will be an evidentiary hearing at which witnesses may testify with respect to
disputed material factual issues in the manner directed by Fed. R. Bankr. P. 9014(d).

3      If a copy of the motion is not enclosed, a copy of the motion will be provided to you if
you request a copy from the attorney named in paragraph 1(b).

4      You may contact the Bankruptcy Clerk's office at 215-408-2800 to find out whether
the hearing has been canceled because no one filed an answer.

Date: 10/2/2018

*UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

**SOURCE**

This form is derived from Official Form 20A.

L.B.R. 9004-2 provides in paragraph (v) that the caption of a motion shall contain "the full title of the ....motion which includes the name of the .... [movant] and  describes the relief requested." A title of a motion adequately describes the relief requested if it is plain from the title what the motion is about and what specific relief is sought. For example, if the motion is for relief from the automatic stay to permit foreclosure of a lien on real property, the title of the motion should state as follows: "Motion of Bank of Philadelphia for Relief from the Automatic Stay to Permit the Bank of Philadelphia to Foreclose on 333 Main Street, Philadelphia, PA."

The first paragraph of the L.B.F. 9014-3 also requires the movant to "describe the relief sought in the motion."  If the movant has properly titled the motion as required by L.B.R. 90042, that description of the relief requested may be used in the L.B.F. 9014-3 Notice of Motion. If there is any doubt about whether the title of the caption is adequate, the movant should substitute in the Notice of Motion a description of the relief requested that does adequately describe the relief requested.

This form may have to be adapted in some situations.

1. If an objection to the motion is the proper response, "objection" should be substituted for "answer."  It should also be noted that the time for filing an objection may be established by a specific F.R.B.P. or a L.B.R. rather than the 15 day period of L.B.R. 9014-3(I). An objection to modification of a confirmed chapter 12 or 13 plan must be filed within 20 days, F.R.B.P. 3015(g), and an objection to a disclosure statement must be filed no later than five days before the hearing, L.B.R. 3016-1(e).  On the other hand, objections to a motion to sell free and clear, L.B.R. 6004-1, and for approval of an agreement under F.R.B.P. 4004(d)(2) must be filed within 15 days.

2.	Under L.B.R.9014-3(h), notice of a motion must be given only to those on the Clerk's Service List, but the movant must provide a copy to anyone on the Clerk's Service List who requests a copy.  Paragraph 4 is appropriate when the notice is provided only to those on the Clerk's Service List.  If notice is given to all creditors, paragraph 4 should be amended to read

If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you are on the Clerk's Service List and you request a copy from the attorney named in paragraph 1(b).